**FILED**
Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Brunswick, Georgia
*By arowe at 8:46 am, Aug 22, 2012*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Brunswick Division

| | |
|---|---|
| IN RE:<br>MATRIX IMAGING SERVICES INC.<br><br>　　　Debtor<br>_____<br>R. MICHAEL SOUTHER, TRUSTEE<br><br>　　　Plaintiff<br><br>vs.<br><br>BACON COUNTY HEALTH SERVICES<br>INC.<br><br>　　　Defendant | CHAPTER 7 CASE<br>NUMBER 10-20371<br><br><br><br><br>ADVERSARY PROCEEDING<br>NUMBER 11-02016 |

## OPINION AND ORDER SUSTAINING DEMANDS FOR A JURY TRIAL, STRIKING DEFENDANT'S PRAYER FOR ATTORNEY'S FEES, AND FIXING TIME FOR FILING AMENDED COUNTERCLAIM

This matter came on for hearing in the Bankruptcy Court after the United States District Court for the Southern District of Georgia ("District Court") denied a motion by Defendant Bacon County Health Services Inc. ("Bacon County") to withdraw the reference for this adversary proceeding.[1] The motion was denied without prejudice, the District Court noting that the Bankruptcy Court had not determined whether this adversary proceeding is core or non-core under 28 U.S.C. § 157.

---

[1] _Souther v. Bacon Cnty. Health Servs. Inc. (In re Matrix Imaging Servs.)_, No. 2:11-cv-00090 (S.D. Ga. Mar. 7, 2012).

In the District Court, Bacon County argued that it had a right to a jury trial on all counts alleged in the Complaint and that no jury trial is available in the Bankruptcy Court. The chapter 7 trustee ("Trustee") countered that Bacon County had waived any right to a jury trial by pleading setoff as an affirmative defense and by asking for attorney's fees in its Answer, thereby making a claim against the bankruptcy estate and invoking the Bankruptcy Court's equitable jurisdiction.

At the hearing, I heard argument on the following three questions: (1) whether the adversary proceeding is core or non-core, (2) whether Bacon County has a right to a jury trial, and (3) whether I have the authority to enter a final order under Stern v. Marshall, 131 S. Ct. 2594 (2011). At the close of the hearing, I took the matter under advisement.

I now conclude that all eight counts of the Complaint are non-core. I further conclude that Bacon County's "affirmative defense" of setoff is in substance a counterclaim that is core. The entire adversary proceeding will be tried before a jury, because the rights of action pleaded in the Complaint are triable of right by a jury and because both Bacon County and the Trustee have made a jury trial demand. Finally, I conclude that Stern v. Marshall has no direct application to this adversary proceeding.

AO 72A
(Rev. 8/82)

## FINDINGS OF FACT

According to the Complaint, this adversary proceeding arises out of two contracts between Bacon County and Matrix Imaging Services Inc. ("Matrix"), the Debtor in the underlying chapter 7 case. The Trustee alleges that "the parties agreed that Matrix would perform *all* MRI imaging studies and nuclear studies for certain patients, and, in return Bacon County would reimburse Matrix for Matrix's services." (Compl. ¶ 8, ECF No. 1.)[2] The Trustee further alleges that Bacon County breached both contracts. (Id. ¶¶ 9-10.) Bacon County did not file a proof of claim in the bankruptcy case.

The Complaint sets forth eight counts: (I) breach of the MRI agreement; (II) breach of the exclusivity agreement under the MRI agreement; (III) breach of the nuclear studies agreement; (IV) money had and received; (V) negligence; (VI) breach of fiduciary duty and confidential relations; (VII) bad faith attorney's fees under O.C.G.A. § 13-6-11; and (VIII) contractual attorney's fees under the MRI agreement. (Id. ¶¶ 57-89.) In addition to the attorney's fees and costs, the Trustee seeks a judgment in the amount of $443,100. (Id. ¶ (a)-(h).)

The prayer for relief also includes a demand for a jury trial:

---

[2] All docket citations are to the docket in this adversary proceeding, unless otherwise noted.

WHEREFORE, Plaintiff prays the following:

. . . .

(b) That Plaintiff has **a trial by jury on all issues so triable**;

. . . .

(d) That Plaintiff recovers all damages against Defendant **in such an amount that a jury determines** from the evidence that the Plaintiff is entitled to recover under law .

. . .

(Id. ¶¶ (b), (d) (emphasis added).)

Apparently overlooking the demand for a jury trial in the Complaint, Bacon County filed an Answer in which it asserted that the Trustee's adversary proceeding was non-core within the meaning of 28 U.S.C. § 157 and further, that Bacon County did not consent to entry of a final order or judgment by the bankruptcy court. (Answer ¶ 5, ECF No. 7.) Concurrently, Bacon County also filed a separate jury demand (ECF No. 8) and a 16-page motion to withdraw the reference (ECF No. 9), both of which were transmitted to the District Court.[3]

The Trustee, seemingly unaware that he himself had made a jury demand, responded in District Court in opposition to Bacon County's motion to withdraw the reference, arguing in a 19-page reply that Bacon County's jury demand should be

---

[3] Bacon County also at this juncture filed a partial motion to dismiss (ECF No. 5), which initially was set for hearing, but then was continued pending a ruling by the District Court on the motion to withdraw the reference (ECF No. 38) and continued a second time pending resolution of the questions I address now (ECF No. 43).

AO 72A

(Rev. 8/82)

stricken on the ground that Bacon County had subjected itself to the jurisdiction of the Bankruptcy Court for all purposes by pleading setoff as an affirmative defense and by including a request for attorney's fees in its answer. (Pl.'s Resp. 2, ECF No. 51-1.)[4] In a gesture obviously intended to drive home this point—that the assertion of setoff and request for attorney's fees constituted a claim against the bankruptcy estate—the Trustee also filed in this adversary proceeding a purported answer to Bacon County's "counterclaims" (ECF No. 23), notwithstanding that there is no counterclaim of record.

The litigation continued in the District Court. Bacon County filed a reply and the Trustee responded with a surreply, both parties oblivious to their essential accord that both have demanded a jury trial. To this day, neither party has evinced any awareness of the Trustee's jury demand.

## CONCLUSIONS OF LAW

### I. All Counts in the Complaint Are Non-Core.

The district courts have jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The district court may provide for referral of any and all such cases and proceedings to the bankruptcy court. 28 U.S.C. § 157(a). In the

---

[4] The briefs filed in District Court are also of record in this adversary proceeding.

AO 72A

(Rev. 8/82)

Southern District of Georgia, the District Court has provided for referral under a standing order, In re Jurisdiction of the United States Bankruptcy Court for the Southern District of Georgia, (July 13, 1984).

Bankruptcy judges may hear and determine all bankruptcy cases, but otherwise may enter final orders and judgments only in "core proceedings *arising under* title 11, or *arising in* a case under title 11." 28 U.S.C. § 157(b)(1) (emphasis added). A proceeding "arises under" title 11 when it invokes a substantive right created by the Bankruptcy Code. Lawrence v. Goldberg, 573 F.3d 1265, 1270 (11th Cir. 2009). A proceeding "arises in" a case under title 11 when it involves administrative-type matters that could only arise in the bankruptcy context. Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo), 170 F.3d 1340, 1345 (11th Cir. 1999). In other words, an "arising in" matter is one that is not based on any right expressly created by title 11, but nevertheless would have no existence outside of the bankruptcy. In re Harris, 590 F.3d 730, 738 (9th Cir. 2009). A non-exhaustive list of core proceedings is set out in § 157(b)(2).

In non-core proceedings, the bankruptcy judge may not enter a final order, but instead "shall submit proposed findings of fact and conclusions of law to the district court." 28 U.S.C. § 157(c)(1). A matter that is merely "related to" a

AO 72A
(Rev. 8/82)

case under title 11 is not a core proceeding. See In re Schmidt, 453 B.R. 346, 350 (B.A.P. 8th Cir. 2011) (explaining that core proceedings are those cases "arising under" title 11 or "arising in" a case under title 11); In re Toledo, 170 F.3d at 1348 (stating that a proceeding is not core if the proceeding does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of bankruptcy).

A proceeding is "related to" a bankruptcy case when "the outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy." Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.), 910 F.2d 784, 788 (11th Cir. 1990) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). The scope of "related to" jurisdiction includes "(1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate." Celotex Corp. v. Edwards, 514 U.S. 300, 307 (1995). "Related to" jurisdiction is "primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others." In re Zale Corp., 62 F.3d 746, 752 (5th Cir. 1995) (quoting Zerand-Bernal Group, Inc. v. Cox, 23 F.3d 159, 161-62 (7th Cir.

AO 72A

(Rev. 8/82)

1994)). A bankruptcy court's jurisdiction over these types of matters allows all claims by and against the debtor to be heard in the same forum.

Here, all eight counts pleaded in the Complaint are "related to" the underlying bankruptcy case as rights of action under contract, tort, and Georgia statutory law. These rights of action as asserted by the Trustee are property of the estate and would have been stand-alone lawsuits if Matrix had not filed bankruptcy. Moreover, the resolution of these rights of action will have an effect on the estate. See In re Legal Xtranet, Inc., 453 B.R. 699, 706 (Bankr. W.D. Tex. 2011) (holding that contract-related causes of action are at least "related to" the debtor's bankruptcy case because the resolution of the actions would have an impact on the amount available to pay creditors in bankruptcy).

The point of contention here, however, is not whether the Complaint itself is core or non-core. The Trustee does not argue that any of the counts in the Complaint are core.

Rather, the Trustee argues that Bacon County through its Answer transformed this lawsuit into a core proceeding, the end point of this argument being that Bacon County thereby waived any right it may have had to a jury trial. Once the Trustee raised this argument, Bacon County's arguments went

solely to the waiver issue as well. (See Def.'s Reply 4-10, ECF No. 48.)

The issue of waiver is moot, however, because the Trustee himself made a demand for a jury trial in the Complaint. See Fed. R. Civ. P. 38(b)(1) (stating that jury demand may be included in a pleading).[5] Further, the question of whether the parties are entitled to a jury trial does not depend on whether this adversary proceeding is core or non-core. See Germain v. Conn. Nat'l Bank, 988 F.2d 1323, 1326 (2d Cir. 1993) ("[T]he designation of an action as 'core' does not control whether or not the action may be tried before a jury."). The only question contingent on the core/non-core determination is whether I have the authority to resolve all pretrial issues, including motions to dismiss and motions for summary judgment, or whether instead the District Court will decide dispositive pretrial motions upon my report and recommendation.

The Trustee is incorrect that Bacon County's affirmative defense of setoff and its prayer for attorney's fees bring the non-core Complaint into the core jurisdiction of the Bankruptcy Court. I first dispose of the argument concerning attorney's fees before turning to the central issue of the setoff defense and the flaws in the Trustee's argument.

---

[5] Rule 38 of the Federal Rules of Civil Procedure is made applicable in adversary proceedings by Rule 9015 of the Federal Rules of Bankruptcy Procedure.

AO 72A
(Rev. 8/82)

## II. The Prayer for Attorney's Fees Is Stricken.

Bacon County's Answer concluded with a prayer for relief that included, in relevant part, the following request: "That the costs of this matter, including Bacon County's attorney fees, be cast upon the Trustee . . . ." (ECF No. 7 at 12 (emphasis added).) The Trustee argues that a prayer for attorney's fees against the Trustee in his official capacity is in effect a claim against the bankruptcy estate. (Pl.'s Resp. at 11, ECF No. 51-1.)

At hearing, however, counsel for Bacon County conceded that Bacon County has no contractual claim for attorney's fees. Accordingly, to the extent that Bacon County instead seeks an award of attorney's fees as a sanction, Rule 9011 of the Federal Rules of Bankruptcy Procedure applies. Sanctions under Rule 9011 must be requested by motion. Fed. R. Bankr. P. 9011(c)(1)(A). The prayer for attorney's fees in the Answer is therefore stricken without prejudice to Bacon County's right to properly seek relief under Rule 9011, including compliance with the 21-day safe harbor period.

## III. Setoff Is a Counterclaim That Is Core.

### A. Setoff is a Counterclaim.

Bacon County pleaded setoff as the Sixth Affirmative Defense in its Answer: "The claims asserted in the Complaint

are barred in whole or in part, pursuant to a setoff of the amounts Matrix owes to Bacon County." (ECF No. 7 at 12.)

The Trustee argues that setoff, whether labeled an affirmative defense or a counterclaim, is a claim against the bankruptcy estate. In support, the Trustee cites the following cases from various federal jurisdictions: Hedstrom Corp. v. Wal-Mart Stores, Inc. (In re Hedstrom Corp.), No. 05 C 6888, 2006 WL 1120572, at *3 (N.D. Ill. 2006) (stating that setoff pleaded as affirmative defense "directly impacts the distribution of the bankrupt's assets"); Gecker v. Mantelman (In re Mantelman), No. 01 C 9915, 2002 WL 922087, at *1 (N.D. Ill. 2002) (stating that assertion of setoff as affirmative defense was "but another way of making a claim against the estate"); Statutory Comm. of Unsecured Creditors v. Motorola (In re Iridium Operating LLC), 285 B.R. 822, 833 (S.D.N.Y. 2002) ("[R]egardless of whether a setoff is labeled an 'affirmative defense' or a 'counterclaim,' a setoff is a claim against the bankruptcy estate."); N. Am. Energy Conservation, Inc. v. Interstate Energy Res., Inc. (In re N. Am. Energy Conservation, Inc.), No. 00-40563, 2000 WL 1514614, at *2 (S.D.N.Y. 2000) ("[B]y pleading setoffs in the form of 'affirmative defenses,' Interstate has in fact asserted a claim against North American's bankruptcy estate."); Comm. Fin. Servs., Inc. v. Jones (In re Comm. Fin. Servs. Inc.), 251 B.R.

11

397, 405 (Bankr. N.D. Okla. 2000) ("By pleading setoff as an affirmative defense, [the defendant] is in fact asserting a claim against the estate's right to recover from [him], which itself is property of the estate.")

Bacon County argues that setoff pleaded as an affirmative defense cannot be characterized as a claim against the bankruptcy estate and, focusing narrowly on the issue of waiver, asserts that Bacon County remains constitutionally entitled to a jury trial in the District Court. Bacon County cites the following cases in support: Carolco Television Inc. v. Nat'l Broad. Co. (In re De Laurentiis Entm't Grp., Inc.), 963 F.2d 1269, 1277 (9th Cir. 1992) ("A setoff is allowed as a defense to a claim brought by the debtor against a creditor."); Actrade Liquidation Trust v. Greenwich Ins. Co. (In re Actrade Fin. Techs. Ltd.), No. 02-16212, 2010 WL 3386945, at *5 (Bankr. S.D.N.Y. 2010) ("[W]hen a setoff is raised only as an affirmative defense seeking to reduce, or extinguish, the original claim, the party asserting the claim does not invoke the bankruptcy court's equitable jurisdiction and retains the right to a jury trial.") (citing Styler v. Jean Bob Inc. (In re Concept Clubs, Inc.), 154 B.R. 581, 589 (Bankr. D. Utah 1993)); Jobin v. Arnot (In re M&L Bus. Mach. Co., 178 B.R. 270 (Bankr. D. Colo. 1995) (holding that setoff raised as affirmative defense did not deprive defendant of right to jury trial). It

AO 72A
(Rev. 8/82)

bears repeating here that the questions before me do not include whether Bacon County has waived any right to a jury trial, notwithstanding that both parties have strenuously argued that question.

The Trustee also asserts that under Georgia law, setoff is not a defense, but a claim for affirmative relief. (Pl.'s Surreply ¶ 4, ECF No. 51-2.) The Trustee is correct. Under Georgia law, setoff is not a defense, but is instead a claim for affirmative relief that must be asserted as a counterclaim. Stewart v. Stewart, 511 S.E. 2d 919, 920 (Ga. Ct. App. 1999); see also Baxter v. Fairfield Fin. Servs., Inc., 704 S.E.2d 423, 430 (Ga. Ct. App. 2010); Hill v. Green Tree Servicing, LLC, 633 S.E.2d 451, 453 (Ga. Ct. App. 2006).

The Trustee further argues that Georgia law applies here and, implicitly, that the federal pleading rules do not. I need not reach that question, however. Whether the setoff issue is viewed as one of substance or procedure, the outcome is the same. Under Georgia law and under the federal rules as applied by the Eleventh Circuit Court of Appeals, setoff is a counterclaim. See Chapes, Ltd. v. Anderson, (In re Scaife), 825 F.2d 357, 362 (11th Cir. 1987) (stating that setoff is a counterclaim against damages under Truth in Lending Act and against conversion damages under Georgia law).

AO 72A
(Rev. 8/82)

Under Rule 8 of the Federal Rules of Civil Procedure, made applicable by Rule 7008 of the Federal Rules of Bankruptcy Procedure, "if a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated and may impose terms for doing so." Fed. R. Civ. P. 8(c)(2). Accordingly, I do not consider Bacon County's "affirmative defense" of setoff as a defense, but instead as a claim for affirmative relief that should have been pleaded as a counterclaim.

### B. The Counterclaim Is Core.

Core proceedings under the Bankruptcy Code include "allowance or disallowance of claims against the estate." 28 U.S.C. § 157(b)(2)(B). A creditor who files a claim against the estate "triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power." Langenkamp v. C.A. Culp, 498 U.S. 42, 44 (1990) (citing Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 58-59 and n.14 (1989)). The question here is whether a supposed creditor who has not filed a proof of claim has triggered the claims allowance process by bringing a counterclaim that pleads setoff. The answer is yes.

AO 72A

(Rev. 8/82)

The term "claim" under the Bankruptcy Code is broadly defined to include a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). By pleading setoff, Bacon County has asserted a "right to payment"—a "claim" under the Bankruptcy Code. The assertion of a claim invokes the claims allowance process, which is a core proceeding under 28 U.S.C. § 157(b)(2)(B). See Hedstrom, 2006 WL 1120572, at *3; Iridium, 285 B.R. at 831-32; Comm. Fin. Servs., 251 B.R. at 406.

Bacon County in opposition relies on a case in which a counterclaim did not operate to trigger the claims allowance process, Reibling v. Thermo Credit, LLC (In re Trinsic, Inc.), No. 07-10324, 2008 WL 541297 (Bankr. S.D. Ala. 2008). There, the counterclaim pleaded reimbursement and indemnity, not setoff. Id. at *2. Trinsic is therefore inapposite. Moreover, the question in Trinsic was, again, whether the defendant had waived the right to a jury trial. Id. at *6. Bacon County's argument thus fails.

## IV. The Core Counterclaim Does Not Make This Adversary Proceeding Core.

The Trustee, still arguing the moot question of waiver, asserts that because the setoff counterclaim is core,

15

the entire adversary proceeding is core: "Having asserted a claim against the estate in the form of its affirmative defense of setoff, Bacon County has asserted a claim against the bankruptcy estate, *rendering the entire dispute a 'core' bankruptcy matter triable in the bankruptcy court without a jury.*" (Pl.'s Br. 5, ECF No. 51-1. (emphasis added)) The Trustee is incorrect that this adversary proceeding is wholly core for the following two reasons.

First, the Trustee's argument assumes that the questions of core/non-core jurisdiction and the constitutional right to a jury trial are essentially the same question. The Trustee is mistaken. "Neither Congress nor the courts may deprive litigants of their constitutional rights simply by labeling a cause of action 'core.'" Germain, 988 F.2d at 1327.

Second, the Trustee's argument assumes that a non-core proceeding may be transformed into a core proceeding by a defendant's affirmative defense or core counterclaim. The Trustee is mistaken on this point as well, as are the cases he relies on: Hedstrom, 2006 WL 1120572, at *2 (identifying issue as "whether [the defendant's] affirmative defense of setoff transforms this otherwise non-core proceeding into a core suit"); Iridium, 285 B.R. at 831 ("[T]he Second Circuit and courts in this district have consistently held adversary proceedings against a creditor that have traditionally been

non-core to be core pursuant to §§ 157(b)(2)(B) & (C) due to the filing of a proof of claim or counterclaim of setoff/recoupment by that creditor."); N. Am. Energy Conservation, 2000 WL 1514614, at *2 (holding that when complaint was non-core and defendant pleaded setoff as affirmative defense, entire proceeding was core); In re Comm. Fin. Servs. Inc., 251 B.R. at 408 (holding that court had core jurisdiction over plaintiff's non-core breach of contract claim based on defendant's setoff defense).

To the contrary, a non-core complaint does not "by simple entanglement with a core claim transmogrif[y] into a core claim on which a bankruptcy judge can enter a final judgment." Hunt Constr. Grp., Inc. v. Elec. Mach. Enters., Inc. (In re Elec. Mach. Enters., Inc.), No. 8:10-cv-2586-T-23, 2012 WL 1889721, at *4 (M.D. Fla. 2012). Thus the non-core Complaint here remains non-core regardless of Bacon County's core counterclaim.

### V. The Seventh Amendment
### Preserves the Right to a Jury Trial on the Complaint.

The Seventh Amendment preserves the right of trial by jury, but only if a cause of action is legal in nature and involves a matter of private, not public, right. Granfinanciera, 492 U.S. 33, 42 n.4. Here, the Complaint is legal in nature and involves only private rights.

## A. The Complaint Is Legal.

Courts determine whether a cause of action is legal in nature by a two-stage inquiry. The first question is whether the plaintiff's claims would have been considered legal or equitable in 18th century English courts. Id. at 42. The second and more important question is whether the remedy sought is legal or equitable in nature. Id. Monetary relief, as a general rule, is legal. Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 352 (1998).

Here, the result at the first stage of the inquiry is mixed, with some counts being legal under the common law and other counts sounding in equity. It is settled law that breach of contract and negligence are legal claims. See Ross v. Bernhard, 396 U.S. 531, 542 (1970). Breach of fiduciary duty, on the other hand, was historically an action in equity. Pereira v. Farace, 413 F.3d 330, 338 (2d Cir. 2005). The count for money had and received also sounds in equity.

The greater weight given the second stage of the inquiry is determinative here, however. The Complaint seeks money damages of $443,100. "Generally, an action for money damages was the traditional form of relief offered in the courts of law." Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 570 (1990) (internal quotation

marks omitted). Accordingly, the Complaint is legal in nature and thus jury triable if no public rights are implicated.

### B. The Complaint Implicates Only Private Rights.

In actions at law, Congress may deny trials by jury only where "public rights" are at issue. <u>Granfinanciera</u>, 492 U.S. at 51. "Wholly private tort, contract, and property cases, as well as a vast range of other cases, are not at all implicated." <u>Id.</u> Here, the Complaint is in essence a breach of contract action. Thus no public rights are implicated, and the Seventh Amendment right to a jury trial applies.

### VI. *Stern v. Marshall* Has No Bearing on This Proceeding.

The United States Supreme Court in <u>Stern v. Marshall</u> held that that "[t]he Bankruptcy Court below lacked the constitutional authority [under Article III] to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim," notwithstanding that the proceeding was core under 28 U.S.C. § 157(b)(2)(C). <u>Stern v. Marshall</u>, 131 S. Ct. 2594, 2620 (2011). The Court noted that the question presented was "a narrow one" and that Congress exceeded the bounds of Article III "in one isolated respect." <u>Id.</u> The holding in <u>Stern</u> thus affects only the power of bankruptcy courts to enter final orders in matters

19

addressing "counterclaims by the estate against persons filing claims against the estate," 28 U.S.C. § 157(b)(2)(C). Unless and until the Supreme Court takes up other subsections, the balance of the authority granted to bankruptcy judges under § 157(b)(2) is constitutional. Badami v. Sears (In re AFY, Inc.), 461 B.R. 541, 547-48 (B.A.P. 8th Cir. 2012).

Here, § 157(b)(2)(C) is not implicated. Bacon County's setoff counterclaim is core as an "allowance or disallowance of claims against the estate," 28 U.S.C. § 157(b)(2)(B). All eight counts in the Complaint are non-core. Stern thus has no application to this adversary proceeding.

## CONCLUSION

The eight counts of the Complaint being non-core, I am vested with authority by virtue of the reference under 28 U.S.C. § 157 and the standing order of the District Court to preside over this adversary proceeding. I will do so through discovery and the preparation of a pretrial order, except that the District Court will enter final orders and judgments on motions to dismiss or for summary judgment on the Complaint after consideration of my report and recommendation. Upon completion of the pretrial order, I will recommend to the District Court that it revoke the reference of this adversary proceeding under 28 U.S.C. § 157(d), approve the pretrial

AO 72A
(Rev. 8/82)

order, empanel a jury and, based upon the jury findings following trial, enter a final judgment.

**IT IS THEREFORE ORDERED** that the parties' demands for a jury trial are **SUSTAINED**; and

**FURTHER ORDERED** that the prayer for attorney's fees in the Answer is **STRICKEN**; and

**FURTHER ORDERED** that Bacon County is afforded a period of 30 days from the date of this Order to amend its counterclaim in accordance with the pleading standard set out by the United States Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), and that the Trustee shall file a responsive pleading within 21 days after service of the amended counterclaim; and

**FURTHER ORDERED** that the Clerk's office shall set for hearing Bacon County's Partial Motion to Dismiss Complaint filed on May 31, 2011 (ECF No. 5)

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this __21__ day of August, 2012.

AO 72A

(Rev. 8/82)